## Case No. 9,428.

### The MENTOR.

### [4 Mason, 102.] 1

Circuit Court, D. Massachusetts. Oct. Term, 1825.

SEAMEN—WAGES—FORFEITURE—EARNED SUBSE-QUENTLY—ADVANCE—CLOTHES—HOSPI-TAL MONEY.

1. Where seamen had forfeited their wages by misconduct in the voyage, and afterwards earned wages, the court held that the advance wages stipulated in the shipping articles, should be a charge on the forfeited wages.

2. Money advanced in the voyage for clothes, &c., and not stipulated for, should be a charge on the unforfeited wages.

3. Hospital money should be apportioned pro rata on the wages of the whole voyage.

[Cited in Swift v. Mercantile Ins. Co., 113 Mass. 289.]

[This was a libel for seamen's wages against the ship Mentor, Hersey, master. A decree was rendered for libellants, and a reference made to a commissioner to ascertain the wages due. Case No. 9,427. It is now heard on exceptions to the commissioner's report.]

Upon the coming in of the report, several exceptions were taken to the report by Basset & Gay, for libellants. (1) That the wages advanced according to the shipping articles ought not now to constitute a charge against the seamen, to be paid out of the wages remaining due to them since the 8th of June, the time to which the forfeiture applied. (2) That money advanced by the master to the libellants in the foreign ports, and

---

1 [Reported by William P. Mason, Esq.]

principally at Canton, to buy clothes and other necessaries, should be a charge on the forfeited wages, and not on those now due. (3) That the hospital money ought to be a charge on the forfeited wages.

STORY, Circuit Justice. It is not my intention to lay down any inflexible rule, by which the court ought in all cases to be bound, in considering charges of the nature of those in controversy. In cases where the wages are forfeited, the court must exercise a wholesome discretion as to the manner in which it will grant relief, upon pecuniary charges against the seamen; and ought to look cautiously to all the circumstances mitigating, as well as inflaming, the offence. When the court pronounces the forfeiture incurred, it is incumbent upon those, who set up an equity, to have the forfeited fund charged with advances made to the offending party, to establish such equity by proof addressing itself to the discretion of the court. None has been presented in this case, which, in my judgment, ought to vary the common rule, by which forfeitures are governed. The exceptions, therefore, must be disposed of upon their general merits.

1. As to the advance wages. The shipping articles stipulate, "that two months' wages advanced before sailing, and one month's wages to be paid at Canton, is the pay the said seamen or mariners are to receive till the ship returns to her port of discharge in the United States of America." The right to such advance wages is therefore a part consideration' of their contract; and if they go on the voyage, the advance so made is absolutely their due, and is not affected by any subsequent occurrences. It constitutes no personal charge against the seamen, and if by any accident in the course of the voyage, the latter is defeated, so that no freight is earned, and no wages become due, the advance is not recoverable back from the seamen. It is to be considered as a bounty upon their shipping. Now the advance wages paid at Boston and Canton must, under these circumstances, be considered as an absolute payment to the libellants, and for which the owner had no personal claim against them. He has a right to deduct the advance from the wages already earned, or first earned in the voyage; or rather, the right of the seamen to receive other compensation accrues only from the time not covered by such advance, whether it be in the inception or prosecution of the voyage. The true effect of a stipulation for advance wages is, that the owner gives the advance absolutely, if the seaman goes on the voyage, consenting to lose it, if the wages subsequently earned do not indemnify him. Under such circumstances, it appears to me that the advance wages are not a subsisting charge against the seamen; but they are a charge solely on the forfeited funds; and especially here, where more wages were earned in the voyage than gave a complete indemnity. This claim of the owner must therefore be rejected.

2. As to the advance money for clothes and other necessaries during the voyage. This is a charge, which the court will watch with peculiar solicitude. It is not sound policy to favour the advance of money to seamen in foreign ports, who are thereby often tempted to extravagance and dissipation, and their attachment to the ship and voyage materially diminished. Such advances are also usually made at a high premium; and there is always an opportunity thus given to take unjustifiable advantages of the poverty, thoughtlessness, and ignorance of seamen. Sitting, therefore, as a court of admiralty, whose duty it is in a peculiar manner to guard seamen against the effects of their own infirmities, and to uphold a firm maritime policy, I have no doubt that the obligation to watchfulness in cases of this nature, emphatically deserves our attention. We ought to see that the advances are reasonable and proper, and that the premium is such as has the sanction of general usage, or stands upon equitable principles. In such cases, the court will recognise the advance as a personal charge upon the seamen, for which the master and owner has an implied lien on the wages earned in the voyage; and has, moreover, the obligation of a personal responsibility. If the court, on the other hand, perceives that these charges are unjustifiable in amount or premium, it will either reject them altogether, leaving the party to such remedy, as the common law may afford him, or cut the demand down to a moderated charge. In the present case the advance money appears to me to have been reasonable, both in amount and premium. There is not the slightest reason to doubt, that it was such a sum as a good master, in the exercise of a reasonable discretion, might well allow for necessaries, although, by the shipping articles, he might not be bound to allow it. It ought, in my judgment, to be held in the present case, a charge upon the unforfeited wages now decreed due by the court.

3. As to the hospital money. Act July 16, 1798, c. 94 [1 Story, Laws, 554; 1 Stat. 605, c. 77], provides, "that the master or owner of every ship or vessel of the United States arriving from a foreign port into any port of the United States, shall, before such ship or vessel shall be admitted to an entry, render to the collector a true account of the number of seamen, that shall have been employed on board such vessel since she was last entered at any port in the United States; and shall pay to the collector at the rate of twenty cents per month for every seaman so employed, which sum he is hereby authorized to retain out of the wages of such seamen." It appears to me, that this deduction ought to be considered as a monthly deduction, to be apportioned upon the wages of the whole voyage; and not to be borne as a charge upon the unforfeited wages exclusively. I shall therefore direct, that a deduction of the

hospital money of twenty cents per month, and no more, shall be deducted from every month's wages due since the forfeiture on the 8th of June. Decree accordingly.