WILLIAM C. N. SWIFT *vs.* MERCANTILE MUTUAL INSURANCE
COMPANY.
EBEN PERRY *vs.* SAME.

A policy of insurance on the owner's interest in the catchings of a whaler, 'about two
thirds of which is to apply to this policy, the crew's share (about one third) not being
covered by this insurance," covers merely the share of the catchings reserved to the
owner in accordance with the lays agreed on in the shipping articles, without reference
to the state of the accounts of the crew with the vessel at the time of the loss.

WELLS, J.   The plaintiff Swift was insured "on his five eighth
catchings," and the plaintiff Perry "on his one fourth catchings of
the good whaling ship called the Contest."   The policy contained
a provision for return of *pro ratâ* premium "for short interest,"
less 20 per cent. rebate ; also an agreement as follows :   "As fast
as oil, bone and other articles of cargo are procured, this insurance
is to attach on the ship-owner's interest therein exclusively, about
two thirds of which is to apply to this policy, the crew's share
(about one third) not being covered by this insurance."   The
risk was to commence "at sea in the Arctic Ocean on the twen-
tieth day of July, 1871, at noon, and to continue until discharged
at New Bedford, with privilege of transshipment at San Francisco,
Honolulu or Panama, and of cruising for whales on the passage."
A loss occurred September 14, 1871.   In adjusting the loss, the
question arises as to the extent of interest to which the policy
attached.

The defendant contends that the ship-owner's interest, intended
to be covered, is that share of the catchings reserved to the own-
ers by the allotment of shares made before the voyage is entered
upon ; and that it is to be determined solely by the original con-
tract with the crew, or the shipping articles.

The plaintiffs, conceding that the shipping articles are to gov-
ern in fixing the proportion by which to estimate the interest of
the crew in the gross amount of the catchings, nevertheless con-
tend that, in ascertaining what their real interest is at any time,
reference must also be had to the state of their accounts with the
vessel ; that they are entitled to receive from the owners, out of

the proceeds of the catch, only the balance after deducting their accounts from the gross credit resulting from their lays; and that therefore this balance only should be deducted from the value of the entire catchings, in order to determine what is the real interest of the owners.

There is no legal difficulty in giving to the policy the effect which is claimed by the plaintiffs, if such were the intent with which it was framed. Their title is sufficient. The insurable interest of the owners extends to the entire value of the catchings. But it is manifest that it was not intended that the insurance should cover the whole insurable interest. We think it is also manifest that it was intended that the policy, in its application to that particular risk covered by it, should apply to a definite and fixed proportion of the catchings, and not to a variable and uncertain one. It defines the interest insured, not merely by excluding the crew's share, but by declaring the understanding of the effect of that exclusion to be that about two thirds only of the interest of the insured in the entire catchings would be covered by the policy.

It is agreed that the share of the crew, by the contract in the articles for whaling voyages, is usually about one third of the catch, ranging from 30 to 40 per cent. The clause defining the interest insured is in the printed form of policy used, indicating that it was framed with reference to the division usually agreed on by the contract of hiring. What is thus left uncertain in the terms of the policy would then be rendered certain by the shipping articles.

On the other hand, an interest to be ascertained only by first adjusting all the individual accounts of the crew would not be such an interest as would be appropriately designated, or approximately defined, by the term "about one third." It would bear no relation of proportion to the whole. It might or might not be "about one third," depending upon the length of the voyage, the degree of success, and the stage at which the occasion for taking such an account might arise.

We are satisfied that, in thus defining the interest insured, the parties must have contemplated a division according to the ratio of

the lays agreed on by the shipping articles. In fact, this ratio of interest continues until the close of the voyage, whatever may be the state of the accounts with the crew. The advances and supplies charged to them do not cancel their interest in the proceeds of the voyage, *pro tanto.* If the voyage is broken up, or the catch lost, the accounts remain as debts against those of the crew to whom they are charged. At the close of the voyage, it is true, the owners ordinarily deduct the amount of those accounts from the share of proceeds due to the several members of the crew, paying only the balance of accounts as adjusted, and retaining the residue of the proceeds. And the right so to do, as against the lien of the crew for their wages or share, will ordinarily be enforced by the courts. *Barney* v. *Coffin,* 3 Pick. 115. But such set-off is not an absolute right. *The Ship Mentor,* 4 Mason, 102.

It may be true that the accounts with the crew are of little or no value without the right of set-off against earnings; and so the loss of the owner is practically the full amount of such accounts in addition to their share of the catch. But in contemplation of law the loss falls upon each, according to the division of interest by the contract of the shipping articles. And that division of interest must be held to measure the risk intended to be assumed by this policy.

According to the agreement upon which each case was submitted to us, there must therefore be

*Judgment for the defendant.*

*G. Marston & C. W. Clifford,* for the plaintiffs.

*T. M. Stetson,* for the defendant.