BRIDGET MCCLUSKEY *vs.* PROVIDENCE WASHINGTON INSURANCE COMPANY.

Suffolk. Nov. 15, 1878. — Feb. 26, 1879. COLT & MORTON, JJ., absent.

If, when a policy of insurance is issued, the person whom it purports to insure against loss has previously conveyed his interest in the property insured, the policy is void in his hands, and an assignment on the policy at the time it is issued of all his interest in the policy to the grantee, assented to by the insurance company, does not create a new and independent contract of insurance between the company and the grantee; and parol evidence is inadmissible to show that all the facts were communicated to the agent of the company, and that the assignment was drawn by the agent to make it, as he said, all right.

CONTRACT. The declaration alleged that on July 27, 1876, the defendant delivered to Margaret E. Kinney a policy of insurance against fire, for the term of one year, beginning July 21, 1876, whereby the defendant agreed to insure said Kinney, on certain buildings, in the sum of $1500, against loss by fire;

that on November 3, 1876, the policy was assigned to the plaintiff, the property having been conveyed to her with the assent of the defendant; that the property insured was destroyed by fire on July 1, 1877, and due notice and proof of loss given to the defendant. The answer denied that Kinney had any insurable interest at the time the policy was delivered; and that the assignment was valid.

At the trial in the Superior Court, before *Putnam,* J., the plaintiff put in evidence a deed of the insured premises from Kinney, dated June 13, 1876, and offered evidence tending to show that it was executed and delivered to the plaintiff at that time. She also put in evidence the policy declared on, which purported to take effect on July 21, 1876, the time of the expiration of a previous policy on the premises also running to Kinney. On the policy was the following indorsement: "Boston, Nov. 3, 1876. Having sold the within insured premises to Bridget McCluskey of Boston, I hereby assign to her all my interest in this policy of insurance. Margaret E. Kinney. Assented to. Cyrus Brewer, agent."

Kinney testified that, being in the office of the defendant's agent a day or two prior to November 3, 1876, one Pope, a person employed in the office as agent of the company, told her there was a policy there on the premises in question unpaid for, and she replied that she would see the owner and have it attended to; that on November 3, 1876, having obtained the money for the premium of the plaintiff, she returned to the office of the agent and gave him the money; that he thereupon handed the policy to her, which she examined, and said to him that it was not right, that she had sold the premises to the plaintiff, and that a new policy should be made out; that Pope then said he would make it all right, and thereupon drew the assignment appearing upon the policy, handed it to her and told her to sign it, which she did; and that Pope then procured the assent of the proper officer of the company to be put to it; the money for the premium was retained, and the policy was delivered to Kinney. This evidence was admitted, against the defendant's objection.

The judge instructed the jury that, as Kinney, on the day of the date of the policy, had no insurable interest in the property

covered by it, the policy was void, and no recovery could be had upon it, either by her or her assignee, for a loss under it; but that, if the defendant, knowing all the facts, and knowing that this transfer had been made before the date when the policy was issued, consented to the assignment, and received the premium at that time, and delivered the policy to Kinney for the plaintiff, telling her it was all right, and giving her to understand that that was all that was necessary to make it a good policy, it was evidence of an assent, on the part of the defendant, that the policy, otherwise void, should be treated as a new and operative instrument in the hands of the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. Olney & F. I. Amory*, for the defendant.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiff.

SOULE, J. When the policy sued on was issued, Kinney, the person whom it purported to insure against loss, had no insurable interest in the property, and the policy was therefore void in her hands. The assignment of all her interest in the policy to the plaintiff, assented to by the defendant, did not create a new and independent contract of insurance between the parties to this action. The plaintiff took by the assignment only such rights as Kinney had under the policy. *Bowditch Ins. Co.* v. *Winslow*, 8 Gray, 38. *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28. *Lawrence* v. *Holyoke Ins. Co.* 11 Allen, 387. No new consideration passed to the defendant, and it did not make any new undertaking beyond that of substituting the plaintiff for Kinney in the existing contract. The case differs in this from the cases in which assignees of policies of mutual insurance companies have given new premium notes or assumed old ones, in consideration of the assent of the companies to the assignment; *Foster* v. *Equitable Ins. Co.* 2 Gray, 216; and from the cases in which the company agrees in writing that the policy shall continue in force to the assignees. *Tripp* v. *Pacific Ins. Co.* 7 Allen, 230.

The contract being in writing, parol evidence to vary it was inadmissible. *Barrett* v. *Union Ins. Co.* 7 Cush. 175. The action is based on the policy as it was written, and cannot be maintained by evidence that the contract was intended by the plaintiff or her assignor to be a different one. If there was a mistake in

the written contract, it cannot be rectified in this action. The learned judge, who tried the case in the Superior Court, erred in ruling that the facts testified to, as to the knowledge of the defendant and the payment of the money, and the representation that all had been done which was necessary to make the policy a good one, were evidence of an assent by the defendant that the policy, otherwise void, should be treated as a new and operative instrument in the hands of the plaintiff.

*Exceptions sustained.*