DANIEL MOWLES *vs.* BOSTON INSURANCE COMPANY.

Suffolk.    January 10, 11, 1917. — April 3, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Insurance*, Fire, Assignment, Oral. *Contract*, What constitutes. *Assignment.*
*Practice, Civil*, Verdict, Exceptions, New trial, Rescript. *Words*, " Covered."

Where a policy of insurance against loss of an automobile by fire was issued by
mistake in the name of a previous owner of the automobile and, upon the owner
calling this to the attention of the insurance agent, the agent told the owner
"not to worry . . . that he is covered," took the policy, procured the execution
of an assignment of it to the owner and the assent of the insurance company
thereto, and some weeks later returned it to the owner, who accepted it, if, over
a month after the policy thus is returned to the owner, the automobile is de-
stroyed by fire, the owner cannot recover from the insurance company, either
upon the policy, because it originally was issued to one who had no interest in the
automobile, or upon an oral agreement to insure, because such oral agreement
expired when the owner accepted the policy and also because an agreement to
" cover" the owner remains in force only for a reasonable time after the accept-
ance of the policy and such reasonable time had expired before the fire.

A general verdict for the plaintiff was returned upon two counts of a declaration
in an action of contract, each upon a separate alleged agreement of insurance,
and, upon exceptions by the defendant, it was determined that as a matter of
law there should have been a verdict for the defendant upon one of the counts.
The amount that the jury must have found on each count was, however, mani-
fest as a matter of arithmetic, and this court ordered that, if the plaintiff,
within a certain time, would remit all in excess of the amount which the jury
must have found to be due to the plaintiff upon the count which properly
was submitted to them, there should be a judgment for the plaintiff upon the
sum so properly found, and, otherwise, that the defendant's exceptions should
be sustained.

CONTRACT, with a declaration as amended containing six counts,
the second count being upon a policy of insurance against loss by
fire of a " touring automobile" for $1,400, issued to one Fleming on
April 23, 1913, and assigned to the plaintiff; and the sixth count
being upon an alleged oral agreement of the defendant to insure
the plaintiff in the sum of $2,100 against loss by fire of a "run-
about automobile." Writ dated October 28, 1914.

In the Superior Court the case was tried before *Keating, J.*
The material evidence and exceptions of the defendant are de-
scribed in the opinion. The case was submitted to the jury on the

second and the sixth counts only, and there was a general verdict for the plaintiff in the sum of $3,902.50; and the defendant alleged exceptions.

*A. C. Burnham,* for the defendant.

*E. R. Anderson,* (*H. Guild* with him,) for the plaintiff.

RUGG, C. J.   The controversy in this case centres about the liability set forth in the sixth count in the plaintiff's declaration. That count alleges in substance that the defendant made an oral contract with the plaintiff to issue a valid policy of insurance in the sum of $2,100 against loss by fire on a certain automobile, that the defendant failed to issue such a policy and that the automobile has been lost by fire.

There was evidence tending to show that in June, 1913, the plaintiff bought the automobile of one Fleming, and that it then was insured; that one Belson on behalf of the plaintiff took the policy, which then had a short time to run, to one Wellington, an agent for the defendant, and asked that it be transferred to the plaintiff; that this policy expired in September following and another was issued in place of it in the name of Fleming and not of Mowles; that when this was discovered Belson went to Wellington and this conversation occurred according to the testimony of Belson, upon whose evidence alone the plaintiff depends upon this point: "I said . . . 'Why, this is a mistake, Mr. Wellington. I told you to have that . . . made out in the name of Mowles,' and he said, 'Well, you can sign right down here, and I will fix it up and it will be all right.' . . . He said it would be covered; to tell Mr. Mowles it would be covered and everything would be O. K. . . . 'You will tell Mr. Mowles not to worry; . . . that he is covered;'" that the date of this conversation was about October 8, 1913; that the policy was left with Wellington, and that thereafter sometime before or during the latter part of October, it was returned to Belson.   The policy was dated September 11, 1913, and was made in the name of Fleming.   Under date of October 8, 1913, the policy was assigned to Mowles and the assignment was assented to by the defendant.   The automobile was destroyed by fire on December 8, 1913.

It is not contended that there can be recovery on the policy. Since Fleming had no interest in the automobile on the date of the policy or at any time thereafter, the policy was void and the

assignment transferred nothing to the plaintiff. That is settled by *McCluskey* v. *Providence Washington Ins. Co.* 126 Mass. 306.

The plaintiff seeks to recover on the oral contract for insurance made by Wellington. The oral contract to "cover" means insurance for a reasonable time under all the circumstances. An experienced insurance man called by the plaintiff testified that, according to the custom prevailing in Boston, "covered" meant that "He is insured. That means that he is insured from that minute . . . A company is bound by the acts of its agent until that company has a chance to either cancel or notify its agents of its wish to be relieved of the contract." This is slightly narrower than the comprehensive definition given in *McQuaid* v. *Aetna Ins. Co., ante,* 281. But taking this testimony at its full weight, and applying the definition given in the McQuaid case, it is manifest that a contract to cover cannot extend beyond the time when a policy of insurance is delivered in apparent compliance with the contract. While the oral contract of Wellington made with Belson on October 8, to cover the plaintiff's automobile, might have been found to have protected it by insurance against fire for a reasonable time, it cannot be held that such contract extended beyond the time when Wellington returned to Belson the policy of insurance in the latter part of October. The very policy about which the parties were talking on October 8 was returned to Belson before the end of that month with an endorsement on it by the defendant. There is no room for reasonable inference that, after that formal instrument in writing was returned, the pre-existing oral arrangement still subsisted. The tender of that instrument by the defendant through its agent Wellington could mean nothing else than that the defendant thereby undertook to extinguish its previous obligations and present that instrument to the plaintiff as its sole contract. The acceptance of that instrument by the plaintiff or his agent without objection was by necessary implication a compliance with the terms of the tender, and coextensive with it in scope. The inevitable consequence of the transaction is that thereafter the written instrument expressed the rights and obligations of the parties, and that the previous oral arrangements had come to an end.

In this connection the same conclusion is reached if it be assumed that the testimony of Belson that he said to Wellington

when he first saw him shortly after June, either to make out new policies or fix over the old ones, stretched to include the transaction of October 8. The instrument which was handed to Belson in October was a tender of compliance with all prior oral arrangements touching the subject of insurance on that automobile.

It if be assumed further that the plaintiff was entitled to a reasonable time after the delivery to him or his agent for the examination of the policy, to see whether it conformed to his understanding of the contract, it is plain that such reasonable time expired long before the fire. What is a reasonable time when the facts are not in dispute is a question of law to be decided by the court. *Holbrook* v. *Burt,* 22 Pick. 546, 555. *Bassett* v. *Brown,* 105 Mass. 551, 557. *Hallwood Cash Register Co.* v. *Lufkin,* 179 Mass. 143, 146. *Starkweather* v. *Gleason,* 221 Mass. 552. *Wiggins* v. *Burkham,* 10 Wall. 129, 132. Assuming every circumstance in favor of the plaintiff, no discussion is needed to show that the acceptance and retention of a written instrument of such common use as an insurance policy for a period of not less than five weeks was more than a reasonable time for complaint that it did not conform to the previous oral agreement as to its terms.

It follows that the defendant's requests for an instruction that the plaintiff was not entitled to recover on the sixth count should have been given, and the defendant's exceptions must be sustained.

A general verdict for a single sum was rendered on the second and sixth counts. It is not contended that any reversible error of law was committed at the trial on the second count. It is manifest as matter of arithmetic that the general verdict was made up of the amount of the insurance claimed under the second count and of the amount claimed under the sixth count, and that the amount for which as matter of law the verdict ought to have been rendered was that claimed under the second count only. Therefore, it is ordered that if the plaintiff, within twenty days from the entry of the rescript in this case, remits all except $1,561 of the verdict, being that due on the second count, the entry may be judgment for the plaintiff as if the verdict had been rendered for that amount. Otherwise, the entry shall be, exceptions sustained.

*So ordered.*