KATHERINE L. O'NEILL *vs.* QUEEN INSURANCE COMPANY OF AMERICA.

Suffolk.  March 20, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Oral, Of motor vehicle.  *Contract,* What constitutes.

If an insurance company issues a policy against fire and theft upon a motor car to a person who does not own the car and has no insurable interest in it and afterwards through an agent agrees orally to substitute in the policy the name of the owner of the car in place of the name of the person to whom it was issued, this gives the owner, in case of loss by theft and fire, no right to bring an action on the policy; because the policy originally was void and its transfer could give no right, and the oral agreement to substitute the name of the owner was without consideration and did not create a new and independent contract of insurance.

In the case in which the point above stated was decided it appeared that the application to substitute the name of the owner of the car in the policy was made to a clerk employed by the agents of the insurance company, who said "that he would attend to it," and that no such change in the policy ever was made, and it was *pointed out* that, in assuming for the purposes of the decision that the statement of the clerk "that he would attend to it" amounted to an agreement to make the change and also that the agents were authorized to make such a change, neither of these points was decided.

CONTRACT by the owner of a motor car upon an alleged oral contract to insure the car against fire and theft from a date preceding March 9, 1915, when the car was stolen from the plaintiff and thereafter was destroyed partially by fire.  Writ dated February 4, 1916.

In the Superior Court the case was tried before *Hall,* J.  At the close of the plaintiff's evidence, which is described in the opinion, the defendant rested, and thereupon by agreement of counsel the judge ordered a verdict for the defendant and reported the case for determination by this court, with the stipulation that, if the ordering of the verdict was right, judgment was to be entered for the defendant on the verdict; and that, if the verdict was ordered improperly, judgment was to be entered for the plaintiff in the sum of $3,600 with interest thereon from the date of the writ.

*A. T. Smith,* (*W. J. Drew* with him,) for the plaintiff.

*J. G. Palfrey,* for the defendant.

CROSBY, J. This is an action to recover for the alleged breach of an oral contract to insure the plaintiff's motor car against theft and fire. The facts are not in dispute. The policy in question was issued by the defendant to Arthur O'Neill, (a brother of the plaintiff) as the insured, on June 26, 1914, for one year from June 6, 1914. In the summer of 1914 Arthur O'Neill made a claim under the policy and collected $32 for the loss of a tire. The following November he applied for and obtained from the defendant a change in the policy by omitting the clause which limited recovery for loss by theft to the excess above $25, and a rider to that effect, bearing date of November 30, 1914, was issued by the defendant to him. Soon afterwards, and during the same month, he directed the insurance brokers regularly employed by him, to apply to the defendant for a change in the name of the insured from Arthur O'Neill to Katherine O'Neill. He also directed a similar change to be made in a liability policy issued by another company upon the same car. These applications were made to one Kane, a clerk employed by the defendant's agents (Dewick and Flanders) who said "that he would attend to it;" but no such change in the policy issued by the defendant ever was made. The motor car, while left temporarily on the street by Arthur O'Neill on March 9, 1915, was stolen, and before it was found was partially destroyed by fire on May 3, 1915. The plaintiff filed a sworn proof of loss with the defendant on April 29, 1915, in which the following appears: "By your policy of Insurance No. 2286. Issued at your Boston Agency, dated June 26, 1914, you insured Arthur O'Neill who assigned to Katherine L. O'Neill. . . ." The car was owned by the plaintiff when the policy was issued and remained her property and was registered in her name; it never was owned by Arthur O'Neill. The plaintiff does not claim under the original policy, but seeks to recover upon an oral contract of insurance; while it is the contention of the defendant that no valid agreement was made by it.

It is plain that as Arthur O'Neill had no insurable interest in the car the policy was void as against him. It is also true that, if he had assigned his interest in the policy to the plaintiff with the assent of the defendant, no valid contract would have been created,

as the plaintiff would have taken by such assignment only such rights as her brother had under the policy. *McCluskey* v. *Providence Washington Ins. Co.* 126 Mass. 306. *Mowles* v. *Boston Ins. Co.* 226 Mass. 426. But the plaintiff contends that the defendant agreed to substitute her name in place of that of her brother as the insured, and that such agreement constituted a valid and enforcible obligation. The difficulty with this contention is, that, if it be assumed that the statement of the clerk of the defendant's agents "that he would attend to it" amounted to an agreement to make the change, and also, that the agents were authorized to make such change upon the authority of *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, 422, still such an agreement was wholly without consideration as between the plaintiff and the defendant. At most it was only a voluntary undertaking on the part of the defendant and did not create a new and independent contract of insurance. *McCluskey* v. *Providence Washington Ins. Co. supra.*

Although the counsel for the plaintiff state in their brief that "she does not contend there was any oral contract whereby she was 'covered' or insured in any way," and that "her whole case is predicated upon the claim that she was not insured," and that "the defendant company agreed to issue a policy of insurance against theft and fire to her . . . and that it failed to do so, and thereby became liable in damages for breach of contract," we are of opinion that the agreement, properly construed, plainly contemplated the delivery either of a new policy or the issuance of a rider in connection with the original; indeed it is the contention of the plaintiff that she supposed that such a rider had been issued and did not discover that it had not been so issued until after the car was stolen. It was the duty of the plaintiff, within a reasonable time, to have taken some steps to ascertain whether the oral contract had ripened into a formal contract of insurance. The case cannot be distinguished in principle from *McQuaid* v. *Aetna Ins. Co.* 226 Mass. 281, and *Mowles* v. *Boston Ins. Co. supra;* it is clearly distinguishable from *Sanford* v. *Orient Ins. Co. supra.*

In accordance with the stipualtion of counsel, the entry must be, judgment for the defendant on the verdict.

*Ordered accordingly.*