MARY LAWLOR *vs.* MICHAEL W. DOWD.

Suffolk.    January 13, 1921. — March 3, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Mortgage,* Of personal property: insurance.    *Evidence,* Competency.    *Practice, Civil,* Exceptions.

At the trial of an action of tort by the mortgagor and owner of certain personal property against the mortgagee for conversion of the property through an alleged wrongful foreclosure of the mortgage, it appeared that the mortgage was given on March 21 of a certain year and provided that, until the note was paid, the mortgagor should keep the said goods and chattels insured against fire in a sum not less than $1,000 for the benefit of the grantee and his executors, administrators and assigns, in such form and in such insurance companies as they should approve; that no policy of insurance had been given to the mort-

gagee up to the time of the foreclosure, which was two months after the date when the mortgage was given. Proper notices of the sale in foreclosure were given. There was evidence tending to show that the mortgagor and the mortgagee had agreed, when the mortgage was executed, that a man who had acted for them in the drafting of the papers should apply for a policy of insurance and that he did so apply at that time. He testified that he had called the insurance company on the telephone two or three times before the date of the foreclosure and had received the reply "that they were attending to it and would look into it and see why the policy was not sent." He further testified that "whenever we apply for a policy, it is always covered by the insurance company until a policy is delivered. Therefore it was covered on March 21, 1919." *Held,* that

(1) There was no evidence that any one ever was asked or had agreed to insure the property, "cover it," until a policy was tendered to the mortgagee for his approval and acceptance;

(2) The testimony that "whenever we apply for a policy, it is always covered by the insurance company until a policy is delivered. Therefore it was covered on March 21, 1919," was not a statement of fact, but merely the declaration of an opinion and was not competent to establish the procuring of oral insurance;

(3) The facts not being in dispute, the questions, whether the mortgagor had procured insurance upon the personal property in accordance with the covenant within a reasonable time, and whether he had acted with due diligence in this regard, were not questions of fact for the jury, but were questions of law for the court;

(4) As a matter of law, the plaintiff did not exercise due diligence in procuring the insurance, and it was not procured within a reasonable time after the making of the covenant;

(5) The defendant was entitled to a ruling that "there was a breach of condition of the mortgage."

TORT, with a declaration in three counts, the first count being for deceit in the sale by the defendant to the plaintiff of certain personal property, and the second and third counts being for conversion of the property in the foreclosing of a mortgage thereon which formed security for a note given as part consideration for the sale, the plaintiff alleging in substance that, at the time of the foreclosure, there was no breach of the mortgage. Writ dated May 27, 1919.

In the Superior Court, the action was tried before *Bell,* J. Material evidence is described in the opinion. At the close of the evidence a verdict for the defendant upon the first count of the declaration was ordered by the judge. The defendant asked for the following rulings upon the other two counts:

" 8. That there was a breach of condition of the mortgage."

" 22. That it is immaterial why the plaintiff did not insure the mortgaged property against loss by fire, unless excused by the

defendant, and a failure to so insure was a breach of the condition of the mortgage.

"23. That if the plaintiff had not insured the mortgaged property against loss by fire, and was not excused from so insuring by the defendant, and did not offer to insure the mortgaged property as a part of her offer to redeem under the mortgage, then the plaintiff's offer to redeem or her attempt to redeem was not sufficient in law."

The rulings were refused. Upon the subject matter of the requests, the judge charged the jury in substance as follows:

"Now, it appears, at the time this mortgage was given, Martin who had been employed by Dowd, undertook to get insurance on this property, and he says he immediately applied to John C. Paige and Company, an insurance firm of insurance agents . . . and he says that the property was to be covered in the meantime, as sometimes is done by the agents of the insurance company.

"You go in, you go into an insurance company, insurance agents. As a rule, they may not be able to hand the policy right over to you, and you pay your money and take it right back there, but you order the insurance and then at some later day you go back and get it. But some policies of insurance, at least, have to go to the home office to be signed before they come back to be delivered to you. You know the custom. . . .

"Now, I shall construe . . . this term, this provision [relating to the mortgagee keeping the property insured. It] means that she shall at once make a proper effort to have this property insured, and I shall leave it to you to say whether the failure to have that insurance policy, for there was none produced even up to the 28th of May, was consistent with her having through her agents having used due diligence in the effort to procure insurance upon that property and whether she made due effort to have the property covered so that if there was a loss the mortgagee might be refunded, and I shall leave that to you. . . .

"Now, in all this I come back again to the other proposition I have stated to you, that you have also to consider the breach by reason of the failure to insure, and upon that breach you must find that the plaintiff had done all that she reasonably could on the matter of insurance, that she was getting the insurance, that

she either had all the property covered so it was insured, or that she was getting the insurance with all reasonable and due speed and diligence and that I shall instruct you was all she was required to do under this mortgage, that she was not obliged to lay a policy of insurance down with the note, but that she must use all proper efficiency, all proper diligence to get that property secured so that it would be covered so the defendant would be secured and that was her duty."

The jury found for the plaintiff in the sum of $1,200, which, by order of the trial judge, was reduced to $700; and the defendant alleged exceptions.

Subsequently the defendant moved for a new trial on the ground of newly discovered evidence, supporting the motion by affidavits to the effect that no order for insurance upon the mortgaged property had been received from Martin, and that no insurance had been placed. The judge made upon the motion the following order: "Motion denied as a matter of discretion. I am of opinion it would not have changed the result."

The defendant alleged exceptions.

*R. C. van Amringe,* for the defendant.

*N. Barnett,* for the plaintiff.

PIERCE, J.  This is an action of tort, in three counts, to recover damages for the conversion of certain household furniture. The trial judge ordered a verdict for the defendant on the first count, and the case proceeded to trial on the remaining counts. On both counts the same evidence was offered in proof of the alleged conversion, and in substance was as follows:

On March 21, 1919, the plaintiff purchased of the defendant the household furniture in question for $1,000. She paid $500 in cash and gave the defendant a mortgage note for the balance. The mortgage contained the following covenant regarding insurance: " . . . and until such payment shall keep the said goods and chattels insured against fire in a sum not less than One Thousand Dollars for the benefit of the grantee and his executors, administrators .and assigns, in such form and in such Insurance Companies as they shall approve." For an alleged breach of the above covenant, the mortgagee gave the plaintiff proper and seasonable notice of his intention to foreclose the mortgage. He also gave the mortgagor proper and seasonable notice of the time and

place of sale; and the foreclosure sale was duly held on May 26, 1919, by a duly licensed auctioneer. "No question was raised . . . regarding the validity of the formal procedure as far as notices of the foreclosure sale were concerned." At the trial the plaintiff testified "she had never given Mr. Dowd, the defendant, any policy of fire insurance on the furniture covered by the mortgage."

The evidence supports the contention of the plaintiff that the plaintiff and the defendant agreed when the mortgage was executed that one Martin, who acted for them in drafting the papers, should apply for an insurance policy of $1,000, and that Martin did so apply. Upon the application no policy ever issued. Martin testified that he applied for insurance on March 21, 1919; that he had called upon the insurance company by telephone two or three times before May 26, 1919, and had received the reply "that they were attending to it and would look into it and see why the policy was not sent." The plaintiff contends there had been no breach of the covenant when the mortgage was foreclosed because Martin had placed an oral insurance upon the property pending the issuance of the policy. There is no evidence in support of the claim that any insurance company ever was asked or agreed to insure the property, "cover it," until a policy was tendered or delivered to the mortgagee for his approval and acceptance; and the testimony of Martin that "whenever we apply for a policy, it is always covered by the insurance company until a policy is delivered. Therefore it was covered on March 21, 1919," is not a statement of fact and is no more than a declaration of his opinion, which cannot avail as proof sufficient to establish that Martin had in fact procured a temporary oral contract of insurance with some insurance company, in the face of the undisputed evidence to the contrary. The facts are not in dispute, and the questions, whether the mortgagor had procured insurance upon the furniture in accordance with the covenant within a reasonable time, and whether he had acted with due diligence in this regard were not questions of fact for the jury, but of law for the court. *McQuaid* v. *Ætna Ins. Co.* 226 Mass. 281. *Mowles* v. *Boston Ins. Co.* 226 Mass. 426. As matter of law, we think the plaintiff did not exercise due diligence in procuring the insurance, that it was not procured within a reasonable time after the making

of the covenant, and that the defendant was entitled to his requested ruling "That there was a breach of condition of the mortgage."

*Exceptions sustained.*