Sanborn, J.
This is an action of contract to recover on a count for money had and received the sum of $127.50 with interest. The defendant’s answer is a general denial and that he never received the money to the plaintiff’s use.
At the trial there was evidence tending to prove that the defendant insured the automobile in question with the plaintiff Company, against damage caused by collision; that on or about July 4, 1936, the said automobile was in collision with an automobile operated by one Cosman. The insurance policy was not produced at the trial, but there was introduced in evidence, a Proof of Loss executed by the defendant under oath dated July 21, 1936, which recited that by a policy of insurance, the plaintiff insurance Company insured the defendant and the Boston Acceptance Co., Inc. against loss by reason of collision of the defendant’s said automobile, and also recited that said automobile at the time the insurance was effected, and at the time of *618 the loss, belonged to the defendant, and no other person had any interest therein except Boston Acceptance Co., Inc.
In July, 1936, the defendant made a settlement of his claim against Cosman, and the defendant and his wife executed full releases to Cosman of all claims for personal injury and property damage. Without disclosing this settlement, the defendant on August 27, 1936, received from the plaintiff Company the sum of $127.50 in full settlement of his claim under said policy of insurance and executed a subrogation receipt, in which in consideration of such payment, the defendant assigned to the plaintiff all claims he had against any other person in connection with said loss, to the extent of $127.50. On the same day, August 27, 1936, the defendant also executed :an assignment to the plaintiff Company, of all his rights and claims against said Cosman or any other person in connection with or responsible for said collision. The defendant testified that he never owned or had any interest in said automobile covered by the policy, but that the automobile was owned by his wife; that he bought the automobile for his wife, and that the same was registered in his wife’s name.
The defendant seasonably filed eighteen requests for rulings all of which were denied, and a finding was made for the plaintiff in the sum of $127.50 and interest. Many of those requests relate to subrogation, to the right of the plaintiff to recover from Cosman after it had indemnified the defendant for his loss. It has been argued by the defendant that the plaintiff should have proceeded against .Cosman and have established the latter’s liability for the damage before it could have been found the plaintiff had lost rights as a subrogee which would entitle it to recover the money paid the defendant under the policy. The plaintiff contends that the defendant’s act releasing Cosman, the *619 party primarily liable, without the plaintiff’s knowledge or consent, discharged the plaintiff pro tanto and such money as was paid by the plaintiff without knowledge of the defendant’s release to Cosman may be recovered back.
It is unnecessary here to consider either contention. According to the defendant’s own testimony, and no evidence appears in the report in contradiction of it, he never owned the automobile in question nor had any interest therein. He had no insurable interest. The policy therefore, never attached and was void and he has no right to retain the money received by him from the plaintiff. Morrison vs. Boston Insurance Co., 234 Mass. 453, Amory vs. Gilman, 2 Mass. 1, Merchant’s Insurance Co. vs. Abbott, 131 Mass. 397-399, O’Neil vs. Queen Insurance Co., 230 Mass. 269, Globe Discount & Finance Corporation vs. New Jersey Insurance Company, 1936 Ad. Sh. 253.
The plaintiff is entitled to recover in an action for money had and received. Rabinowitz vs. People’s National Bank, 235 Mass. 103.
There has been no prejudicial error and this report is dismissed.