James H. Womble & others *vs.* Dubuque Fire and Marine Insurance Company.

Hampden. September 18, 1941. — October 30, 1941.

Present: Field, C.J., Qua, Dolan, Cox, & Ronan, JJ.

*Insurance*, Fire: insurable interest, increase of risk. *Evidence*, Presumptions and burden of proof; Opinion: expert. *Adverse Possession or Use. Practice, Civil;* Exceptions: whether error harmful. *Error*, Whether error harmful. *Witness*, Expert.

A finding was warranted that an unincorporated religious association, which for a number of years had occupied and used a church building owned by an incorporated "church extension society" of the same

denomination, had a sufficient insurable interest under a fire insurance policy issued to it on the building.

One, who by occupancy and use of a building to which he had no title had an insurable interest therein at the time a fire insurance policy was issued to him, could be found not barred from recovery on the policy where, before a loss by fire, his occupancy and use had ceased but he had acquired title to the property.

In an action on a fire insurance policy, the defendant had the burden of proving breach of a condition of the policy voiding it for increase of the risk.

Evidence, merely that after damage by fire a church building covered by fire insurance had been left unoccupied and unrepaired with a large opening in the roof, did not require a finding that thereby the risk was increased so as to bar recovery under the policy for further loss due to a second fire a year later.

A finding, that a religious association had acquired title by adverse possession to a church building owned by a religious corporation of the same denomination, was not warranted by evidence merely of occupancy and use of the building by the association for less than twenty years.

In an action on a fire insurance policy where there was a verdict for the plaintiff but the record did not disclose on what ground the jury found an insurable interest in him, error in charging the jury that the evidence would warrant a finding of such an interest through a title gained by adverse possession was prejudicial to the defendant although there was evidence warranting a finding of an insurable interest through occupation of the property.

The exclusion of certain opinion testimony was not error since the judge was not obliged to find the witness qualified as an expert.

CONTRACT. Writ in the District Court of Springfield dated July 5, 1939.

Upon removal to the Superior Court, the action was tried before *T. J. Hammond,* J. There was a verdict for the plaintiffs in the sum of $2,052. The defendant alleged exceptions.

*W. Hartstone,* (*H. N. Hartstone* with him,) for the defendant.

*H. M. Ehrlich,* (*A. H. Tavernier & J. L. Dowd* with him,) for the plaintiffs.

QUA, J. The plaintiffs are "trustees of Loring St. African Methodist Episcopal Church, a voluntary association, of Springfield." On September 24, 1935, the defendant issued a five year policy of fire insurance in the standard form (G. L. [Ter. Ed.] c. 175, § 99, as amended) to "Loring St. A. M. Church and its legal representatives," covering a

church building on Loring Street in Springfield, located on premises described in the conveyances hereinafter mentioned. The initials "A. M." in the policy mean African Methodist. This action is brought to recover for damage to the building by a fire which occurred on January 4, 1939.

No argument has been made before us that the plaintiffs as trustees for the voluntary association are not the parties insured in whose names the action may properly be brought. There had been a previous fire on January 3, 1938, while this same policy was in force, and the defendant had paid its share of the loss to the trustees, and there was evidence that the settlement had been negotiated with them.

The defendant contends that a verdict should have been directed in its favor on the ground that the persons insured had no insurable interest on September 24, 1935, the date of the policy. If the person insured has no insurable interest in the property covered when the policy by its terms would become operative as to that property, the policy never takes effect as valid insurance on the property. *McCluskey* v. *Providence Washington Ins. Co.* 126 Mass. 306, 308. *Boston Ins. Co.* v. *Globe Fire Ins. Co.* 174 Mass. 229. *O'Neill* v. *Queen Ins. Co.* 230 Mass. 269, 270.

The acquisition later of an insurable interest will not cause the insurance to attach to the property. *King* v. *State Mutual Fire Ins. Co.* 7 Cush. 1, 5. *Morrison* v. *Boston Ins. Co.* 234 Mass. 453, 456. But the insured may have an insurable interest in property in which he has no title whatever, legal or equitable. "By the law of insurance, any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself." *Eastern Railroad* v. *Relief Fire Ins. Co.* 98 Mass. 420, 423. *Williams* v. *Roger Williams Ins. Co.* 107 Mass. 377, 379. *Hayes* v. *Milford Mutual Fire Ins. Co.* 170 Mass. 492, 495. Various applications have been made of this principle. *Swift* v. *Mercantile Mutual Ins. Co.* 113 Mass. 287, 288. *Fowle* v. *Springfield Fire & Marine Ins. Co.* 122 Mass. 191, 193, 194. *Doyle* v. *American Fire Ins. Co.* 181 Mass.

139.  *Morrison* v. *Boston Ins. Co.* 234 Mass. 453.  *Shumway* v. *Home Fire & Marine Ins. Co.* 301 Mass. 391, 395. And in *Wainer* v. *Milford Mutual Fire Ins. Co.* 153 Mass. 335, at page 342, it was said that even a disseisor would have an insurable interest which he could properly describe as ownership.  See *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, 422.

The evidence of the plaintiffs' relation to the property insured is not as clear and precise as might be desired. Statute 1888, c. 201, incorporated the "African Methodist Episcopal Church in Springfield," "formerly known as the Loring Street Methodist Church and the Union American Church."  None of the names mentioned in the act is the same as that of the "Church" insured in the policy.  Under date of September 1, 1909, one Watson, described as secretary of the "Church Extension Society of the African Methodist Episcopal Church" gave to that society, which was stated to be a Pennsylvania corporation, a mortgagee's deed of the insured property in foreclosure of a mortgage which he recited had been given in 1883 by the "Trustees of the Union American Church" and finally assigned to him in 1899.  The mortgage itself and the assignments were not in evidence.  Under date of April 14, 1938, which was after the first fire and before the second fire, out of which the present action arose, "The Board of Church Extension Society of the African Methodist Episcopal Church," described as a Pennsylvania corporation, conveyed the premises by deed to the plaintiffs "as Trustees of and for the use and benefit of Loring Street African Methodist Episcopal Church."  Upon the introduction in evidence of the two deeds just mentioned the judge said, "Well, title apparently was originally in these plaintiffs or their predecessors, mortgage given, mortgage foreclosed and the foreclosure sale," and both counsel assented to this statement.  It further appeared that on July 6, 1938, the plaintiffs as trustees filed a petition in the Land Court for registration of their title, which in their petition they alleged they had acquired by the 1938 deed; and that registration was granted on November 15, 1938, before the second fire.

The evidence hereinbefore narrated would not warrant a finding of title in the insureds on September 24, 1935, when the policy was issued. But in addition to the foregoing there was evidence of possession. The secretary of the voluntary association "Loring St. African Methodist Episcopal Church," or "Loring St. A. M. E. Church" as one witness called it, testified that at the time of the trial he had been connected with that church for twenty-one years and had been secretary for eighteen years and was secretary of the "trustee board"; that they had been at the same location (the premises described in the policy) until the first fire; and that so far as he knew the church was not a corporation. The pastor testified that he knew nothing about any corporation having to do with the church.

The circumstances of this case are peculiar. Here, on the evidence, is an unincorporated religious association which the jury could believe had used and occupied the church edifice continuously for about sixteen years before the policy was issued in its name. During all this time, so far as appears, the title had stood in the name of an incorporated "Church Extension Society" of the same denomination to which the unincorporated association belonged, by which corporation the premises were ultimately conveyed to the trustees of the unincorporated association which had been occupying them. We think it would be more than mere conjecture and would be a reasonable inference that there was some form of affiliation between titleholder and occupants which gave the occupants, if not a legal interest in the property, at least a prospect which was more than a hope and approached an assurance that their possession would be allowed to continue; that this prospect of being able to keep on in the established location without the expense and loss incident to removal had a value capable, through the medium of appropriate evidence, of being measured in money with no more difficulty than is experienced in assessing damages for various other intangible losses for which the law habitually assesses damages; and therefore that the insureds had an insurable interest in the building when the policy was issued, within the broad definitions of

such an interest illustrated by the cases above cited. See also *Liverpool & London & Globe Ins. Co. Ltd.* v. *Bolling*, 176 Va. 182. The requirement of an insurable interest when the risk is assumed arose merely to prevent the use of insurance for illegitimate purposes. It should not be extended beyond the reasons for it by excessively technical construction.

The defendant has argued that if by reason of occupancy the plaintiffs had an insurable interest when the policy was issued they lost that interest when after the first fire the building became unsuitable for religious services and was in fact no longer used for that purpose. If we assume that there was such inability to occupy as would terminate an insurable interest arising in part out of occupation, still the answer to the defendant's contention is that before the second fire the plaintiffs had received a deed under which they acquired title and therefore could be found to have had an insurable interest at the time of the loss. See *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, 422. The insurable interest which renders a policy valid at the outset need not continue. A new insurable interest existing at the time of loss will support recovery, the policy remaining in a state of suspension during the interval in which there is no insurable interest. *Worthington* v. *Bearse*, 12 Allen, 382, 384, 385. *Clinton* v. *Norfolk Mutual Fire Ins. Co.* 176 Mass. 486, 489. And at least under the terms of the standard policy and in the absence of any other prejudice to the insurer we think that the policy revives even though the new interest is greater than the original interest, if it is within the coverage set forth in the policy upon which, presumably, the premium was based. See Couch on Insurance, § 303, and cases cited.

The defendant contends that its motion for a directed verdict in its favor should have been granted upon the further ground that, as matter of law, there had been a violation of a condition of the policy that it should "be void" if without the assent of the company "the situation or circumstances affecting the risk . . . [should], by or with the knowledge, advice, agency or consent of the assured, be so

altered as to cause an increase of such risks." This contention is based upon testimony from witnesses called by the plaintiffs and from one of the plaintiffs to the effect in substance that as a result of the first fire the building, which was of wood, had been badly wrecked, especially with respect to the second floor and the roof; that there was an opening in the roof fifteen feet across; that the leaded glass had been "broken out"; that no repairs had been made, although the windows had been barricaded "so that no one could enter downstairs"; that the doors had also been barricaded; that no services had been held in the building; and that the delay in rebuilding had been due to a defect in the title. Evidence introduced by the defendant went somewhat further than the foregoing but need not be stated. The burden of proving breach of the condition of the policy rested upon the defendant. *Thomson & Kelly Co.* v. *United States Merchants & Shippers Ins. Co.* 263 Mass. 181, 186. A verdict can seldom be directed on oral evidence in favor of the party who has the burden of proof. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, 453. *Zawacki* v. *Finn,* 307 Mass. 86, 88. Even if the evidence in this case is accepted as true in its entirety it does not necessarily establish an increase in the risk. The character of the neighborhood, the extent of the watch by police or others over the premises and various other elements entering into the risk both before and after the fire do not appear. Although we think that the evidence, including that introduced by the defendant, made a question for the jury as to increase in the risk, *Lyman* v. *State Mutual Fire Ins. Co.* 14 Allen, 329; *Luce* v. *Dorchester Mutual Fire Ins. Co.* 110 Mass. 361; *Hill* v. *Middlesex Mutual Assurance Co.* 174 Mass. 542, it was not necessarily inconsistent with there having been no such increase. See *Gamwell* v. *Merchants & Farmers' Mutual Fire Ins. Co.* 12 Cush. 167; *Harris* v. *North American Ins. Co.* 190 Mass. 361, 372.

For the reasons stated the denial of the defendant's motion for a directed verdict in its favor was not error upon any of the grounds put forward.

There was error, however, in charging the jury that they

could find an insurable interest arising out of a title in the plaintiffs by adverse possession. There was no evidence that occupancy by the voluntary association had begun twenty years before September 24, 1935, the date of the policy. The utmost that can be claimed is that one witness testified that this association had been located on the premises for twenty-one years before the trial, and the trial was held in 1940. Neither the time nor the circumstances of the association's beginning to occupy appear. The only evidence as to the record title tends to show that from 1909 until after 1935 it was held by a corporation in some manner connected with the religious denomination to which the association adhered. The occupation may have been permissive. It is not shown to have been exclusive of the record owner. *McDonough* v. *Everett*, 237 Mass. 378, 383–385. *Nantucket* v. *Mitchell*, 271 Mass. 62. Compare *LaChance* v. *First National Bank & Trust Co. of Greenfield*, 301 Mass. 488. This evidence was not equivalent to that held sufficient in *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196. The error was material. The jury may have based the finding of an insurable interest implied in their verdict on a supposed title in the plaintiffs in 1935 by adverse possession, although the evidence would not warrant a finding that the plaintiffs acquired title before the deed to them in 1938, after the policy was issued. If it had not been for this part of the charge the jury might not have found that the association had an insurable interest in 1935.

The defendant has argued that there were errors in the charge in relation to an alleged waiver by the defendant and estoppel growing out of the payment by the defendant of the loss occasioned by the first fire, but as the record leaves it doubtful whether exceptions were duly saved on these matters and since in any event these points are not likely to be presented in the same posture at another trial we do not deal with them now.

The judge excluded a question asked by counsel for the defendant as to the effect upon a fire in a building of the roof being open. This would seem to have been, in general, a proper subject of inquiry as bearing upon an increase of

the risk. But the judge was not obliged to find the witness qualified as an expert, and the exclusion cannot be pronounced error. *Corrao* v. *Sears, Roebuck & Co.* 298 Mass. 23, 26. *Langis* v. *Danforth,* 308 Mass. 508, 510.

*Exceptions sustained.*