Carroll,
No. 5269.

JOHN HAYFORD & a.

*v.*

CENTURY INSURANCE COMPANY.

Submitted December 2, 1964 and March 10, 1965.
Decided April 30, 1965.

*L. Hamlin Greene* for the plaintiffs.

*Devine, Millimet, McDonough, Stahl & Branch* for the defendant.

DUNCAN, J.   In October 1953 the decedent Elva N. Hayford was the owner of two properties in Conway which she listed for sale with Edson O. Bartlett, a real estate agent.   The properties were offered at prices of $6,000 and $1,500, and $7,500 for the two.   Mrs. Hayford died on May 12, 1961.   Bartlett testified that on May 17, 1961, five days after Mrs. Hayford's death, the plaintiff John Hayford requested him as agent for the defendant to issue the policy of insurance which is the subject matter of this action.   The policy was in the amount of $4,000 and the named insured was "Mrs. Elva Hayford Estate."   The insured premises were described as follows: "On the one story frame one family seasonal dwelling, situated on the left side of road leading from West Ossipee to Madison in West Ossipee Village, Ossipee, N. H."

Bartlett testified that when the policy was issued John Hayford showed him a lapsed policy with another company which had insured a one story frame dwelling "while occupied for summer or seasonal purposes, occupied by not more than two families, situated on the left side of the road leading from West Ossipee to Madison."   Bartlett also testified that he asked Hayford about insurance on the smaller of the two buildings which had been listed for sale in 1953, and was told that he "did not have to be concerned with that, that it was taken care of."   In fact neither the plaintiff nor his mother's estate had any interest in the larger of the two properties on May 17, 1961.

In October 1961, the smaller of the two properties burned and a few days later Hayford met Bartlett at the premises. According to Hayford's testimony Bartlett then agreed to report the loss

to the defendant. Bartlett testified that he "reported . . . the fact of the fire having occurred."

Having found the foregoing facts, the Trial Court further found as follows: "On all the evidence, the Court finds that Edson O. Bartlett thought that he was issuing a policy of insurance on the larger of the two properties [formerly owned by Mrs. Hayford] and the plaintiff, John Hayford, thought that a policy of insurance was being issued on the smaller of the two properties (the property that burned) . . . that the description in the policy . . . would fit either of the properties; that the property that was burned was owned by John Hayford as the sole heir at law of Elva N. Hayford, but that neither John Hayford nor the Elva N. Hayford estate had any interest in the larger property . . . which Edson O. Bartlett thought was the property to be insured by the policy which the defendant issued."

In support of its motion, the defendant asserts that since the Trial Court has found that the policy of insurance was the product of mutual mistake, rescission should be granted the defendant upon restoration of the premium paid. *Healy* v. *Healy*, 76 N. H. 504; *Barber* v. *Somers*, 102 N. H. 38. The plaintiffs on the other hand rely upon the proposition that a policy of insurance is to be construed in accordance with what a reasonable person in the position of the insured would understand it to mean (*Watson* v. *Company*, 83 N. H. 200, 202), and that since the policy describes the property which the plaintiff Hayford understood the policy insured, the defendant company should be bound by that understanding.

According to the findings, the plaintiff understood that the policy insured the smaller of two properties, while the defendant's agent understood that the larger property was meant. No finding was made however on the question of whether either party knew or had reason to know of the meaning actually attached to the policy by the other, which is the real crux of the matter.

There may be mutual consent, resulting in a contract, if there is a mutual and intentional manifestation of assent, even if mistaken. 1 Williston, Contracts (3d *ed.* Jaeger) *s.* 20. The intent of the parties is to be judged by objective or external standards, rather than by their unmanifested state of mind. *McConnell* v. *Lamontagne*, 82 N. H. 423. ". . . the final question to be decided is not what the secret intent was, but what intent was expressed by the overt conduct, taken as a whole. *Fiske* v. *Gowing*, 61 N. H. 431." *Woburn Bank* v. *Woods,* 77 N. H. 172, 176.

If neither party knew or had reason to know that the other attached a different meaning to the policy, then no contract resulted. *Raffles* v. *Wichelhaus*, 2 Hurl. & C. 906 (1864); *Kyle* v. *Kavanagh*, 103 Mass. 356; Corbin, Contracts, *ss.* 104, 599. See also, Restatement, Contracts, *s.* 71; Restatement (Second), Contracts (Tent. Draft No. 1, April 13, 1964) *s.* 21A. In such a case, the plaintiff may not recover, and the defendant is entitled to rescission. See *Currier* v. *Insurance Company*, 98 N. H. 366.

However, if the testimony of the agent is found to be true, then he had no reason to know that the plaintiff's understanding differed from his own, but the plaintiff did. By acceptance of the policy, the plaintiff would be bound by the agent's understanding, and the contract would relate to the larger property. Corbin, Contracts, *s.* 104, *supra.* See 1 Williston, Contracts (3d *ed.* Jaeger) *s.* 95. Since neither the plaintiff nor his mother's estate had an insurable interest in that property, the contract would be void and the defendant entitled to rescission. 6 Couch on Insurance (2d) *s.* 34:14; 4 Appleman, Ins. Law & Practice *s.* 2121; *O'Neill* v. *Queen Ins. Co. of America*, 230 Mass. 269. Furthermore the plaintiff's own conduct would estop him to deny that the larger property was meant. See *Woburn Bank* v. *Woods*, 77 N. H. 172, *supra*, 176.

Finally, if it is found that the plaintiff in fact made no representation such as the agent testified to, and did not cause, or have reason to know of, the agent's misunderstanding (see Corbin, Contracts *s.* 599) but reasonably understood from the description of the insured property in the policy prepared by the agent that the smaller property was insured, the plaintiff may recover. *Watson* v. *Company*, 83 N. H. 200, *supra.* See *Peerless Ins. Co.* v. *Gould*, 103 N. H. 134, 138.

Because of the facts which remain to be determined, the questions transferred cannot be answered as a matter of law.

*Remanded.*

All concurred.