### THOMAS F. WELCH *vs.* NEIL McNEIL.

Suffolk. March 4, 5, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Contract,* Construction. *Evidence,* Admissions, Auditor's report, Presumptions and burden of proof. *Practice, Civil,* Auditor's report. *Contract,* Implied in fact.

Where, in a contract between a county and a general contractor for the construction of a building for the county upon land owned by it, it is provided that the contractor shall "cart away and dispose of all soil, rocks, etc., left over from the excavations and filling," and that obligation, in a contract of the general contractor with a subcontractor for the excavating, grading and rough stone work, is placed upon the subcontractor, sand which is part of the material that the subcontractor is obliged to excavate, cart away and dispose of, becomes the property of the subcontractor upon his excavating it because the county in its contract with the general contractor has abandoned it.

At the trial of an action by a subcontractor against the general contractor engaged in the construction of a building, to recover the value of certain sand which the plaintiff contended had become his under his contract with the defendant, it appeared that the sand had been excavated on the premises where the building was being constructed and had been placed thereon in a pile of substantial size near the corner of two streets, and that the defendant frequently had been on the premises. The plaintiff was allowed to show that he had placed and maintained on the pile a sign, "Sand for sale." *Held,* that the evidence was ad-

missible because it could have been found to have been an assertion of title by the plaintiff, and that the conduct of the defendant, if the presence of the sign was found to have been known to and not objected to by him, could have been found to have constituted an admission by him of the plaintiff's title.

At the trial of an action of contract the report of an auditor was introduced in evidence without objection. The report contained a statement, as to a certain item, that it was "the most important and most perplexing question in the case," that certain experts who had testified disagreed "to such a remarkable extent as to shake my confidence in their respective results, and my finding necessarily must be in the nature of a compromise," and he found in a certain sum for the plaintiff. At the close of the evidence the defendant asked for a ruling that the findings of the auditor on the item referred to were not admissible in evidence. The judge refused the ruling. *Held,* that there did not appear to be anything in the report to make it inadmissible in evidence.

In an action for labor, materials and appliances, if it appears that the defendant had the use of the labor, materials and appliances furnished by the plaintiff, the law implies an agreement by the defendant to pay a reasonable sum therefor unless there was an express agreement to the contrary, and, if the defendant contends that there was such an express agreement and introduces evidence in support of his contention, the burden of proof still is on the plaintiff to prove that there was no such agreement.

CONTRACT upon an account annexed containing various items for work and labor and materials furnished to the defendant by the plaintiff under a contract as to the excavating, grading and rough stone work necessary for the building of the new registry building of the county of Norfolk at Dedham, the defendant being the general contractor. There also was a declaration in set-off. Writ dated March 10, 1905.

The case was referred to Clarence H. Cooper, Esquire, as auditor. The auditor's findings as to the twelve hundred and sixty-five perch of stone mentioned in the opinion were in substance as follows: "The quantity of stone laid by the plaintiff is the most important and most perplexing question in the case. A mass of testimony bearing on this question was introduced, including the measurements in detail of three experts, one in behalf of the plaintiff, one in behalf of the defendant, and one an independent. While these experts agree in some of their measurements, they disagree in others to such a remarkable extent as to shake my confidence in their respective results, and my finding necessarily must be in the nature of a compromise. Both parties claim to have laid the foundations under the street and terrace walls and walls under the front steps. I find that all of such work was done by the plaintiff, and not by the defendant. The plaintiff now

abandons his claim to have laid 1,265 perch. I find that he is entitled to be allowed for laying 1,113 perch at $2.25 a perch, amounting to $2,504.25."

The defendant in his brief stated his objection to the admission in evidence of the foregoing findings as follows: "The auditor there states, in substance, that he disregards the evidence of the experts, and that his finding must be in the nature of a compromise. It thus seems to be evident that the auditor simply made an arbitrary finding, either by way of a guess or by striking an average of the estimates of the different witnesses. This course would seem to be as objectionable as it is to have each juryman mark down the amount of his verdict, and to divide the total of such amounts by twelve to reach the verdict to be reported by the jury. It is submitted that the sixteenth request of the defendant should have been allowed."

With regard to the items in the auditor's report for "teaming, and for labor and materials," referred to in the opinion, the auditor, after a detailed description of the basis of the claim, stated in part as follows: "The plaintiff's day book . . . contains his account against the defendant for the extra work claimed in the item" in question, "the total amount being $385.50. . . . The entries . . . were made by the plaintiff's bookkeeper from slips containing the charges received from his foreman at the close of each day's work . . . and the bookkeeper testified that she had not been told to keep these slips after she had copied them on the daybook, and that she did not keep them. . . . A batch of bills rendered by the plaintiff to the defendant, at least five in number, were produced by the latter at the early hearings in the case and were fastened together and marked as one exhibit. Since then one of these bills . . . has disappeared; and the plaintiff testified that the aggregate amount of these bills was between $375 and $400. The other three bills of this batch correspond substantially with the items of charges" in the plaintiff's day book, "there being a slight difference in the totals. I allow $357.50 of this item."

The defendant in his brief argued that these findings were not admissible in evidence for the following reasons: "It is submitted, however, that he [the auditor] shows no reason whatever for making the allowance of $357.50. He apparently bases

this finding upon certain findings contained in the paragraph
. . . in regard to bills rendered by the plaintiff to the defend-
ant. Clearly, these bills were incompetent in evidence, and the
court should have excluded the finding of the auditor made
upon such evidence as requested by the defendant."

The auditor's report contained no statement that it contained
a report of all the evidence introduced before him.

In the Superior Court the case was tried before *Keating,* J.
The material facts are stated in the opinion. There was a ver-
dict for the plaintiff in the sum of $3,809.70; and the defendant
alleged exceptions.

*I. R. Clark & G. F. Ordway,* for the defendant, submitted a brief.
*E. Greenhood,* for the plaintiff.

MORTON, J. This is an action of contract to recover upon an
account annexed with a declaration in set-off by the defendant.
There was a verdict for the plaintiff, and the case is here on ex-
ceptions by the defendant.

The chief item in dispute relates to a quantity of sand for
which the plaintiff seeks to hold the defendant accountable. The
auditor found against the plaintiff in regard to this item. The
defendant asked the trial judge to instruct the jury that on all
the evidence the plaintiff was not entitled to recover for any part
of the sand. The judge refused so to rule and, subject to the de-
fendant's exceptions, left the question of the plaintiff's right to
recover to the jury, who found for the plaintiff. We think that
the judge dealt with the matter correctly.

The defendant was the general contractor with the county of
Norfolk for the construction of the new registry of deeds build-
ing. The plaintiff was a subcontractor under the defendant.
He was to do the excavating, grading and the rough stone work,
and was required "to cart away and dispose of all soil, rocks,
etc., left over from the excavations and filling." This provision
was also in the defendant's contract with the county. The land
on which the building was to be erected belonged to the county.
The sand in question was part of the material which under his
contract with the defendant the plaintiff was obliged to excavate
and cart away and dispose of. In making the excavation required
he had dug it out and had piled it up on the premises preliminary,
as could be found, to selling it or otherwise disposing of it. The

sand originally belonged to the county as part of the land from which it was taken. It is not contended by the defendant that the contract between him and the county operated as a conveyance to him by the county of an interest in the land. Except for the provision in the contract that soil left over from excavations and filling shall be carted away and disposed of, the sand would have belonged to the county. But no claim to it is made or has been made by the county and the effect of the provision referred to is to operate, we think, as an abandonment of the sand by the county to the party making the excavations. The defendant did not excavate the sand in question and there is nothing in the contract between him and the plaintiff which gives him any claim to it. It is difficult to see what ground he has on which to base a right to it or to any part of it. There was testimony in regard to custom before the auditor and the auditor found either on the ground of custom or as matter of law that as between contractor and subcontractor each was entitled to use the sand required for his purposes, and that neither was entitled to charge the other for the sand so used. But at the trial all evidence of custom was excluded by the judge without any exception being saved, and the rights of the parties were left to be determined independently of custom, if there was any. As the case stands, looked at from any point of view, we do not see why there was not evidence warranting a finding for the plaintiff. The ruling requested could not therefore have been given.

Subject to the defendant's exceptions the plaintiff was permitted to testify that he placed and maintained for some time upon the material described as sand a sign "Sand for sale." The defendant testified that he never saw or knew of the sign. But there was testimony tending to show that the pile of sand was of substantial size, and on the right of the main building near the corner of two streets, and that the defendant was frequently on the premises. The jury were not bound to believe the defendant; and if the sign was placed there by the plaintiff it constituted or could be found to constitute an assertion of title by him, and if known to the defendant and not objected to by him, his conduct could be found to constitute an admission of the plaintiff's title. The evidence was, we think, plainly admissible.

The next two exceptions argued by the defendant relate to two

items, one for teaming, and for labor and materials, and the other for laying 1,265 perch of stone. The rulings requested were that the findings of the auditor in relation thereto were not admissible in evidence. No objection was made to the report when it was introduced in evidence, and the rulings requested well may have been refused on the ground that the objections came too late. But it is well settled that the findings of fact included in an auditor's report are admissible in evidence (*Newell* v. *Chesley,* 122 Mass. 522), and we see nothing to take the report in this case out of the well settled rule.

The last question argued by the defendant on his brief relates to the burden of proof in regard to items in the declaration in set-off. The declaration in set-off was for labor, materials, equipment and appliances furnished by the defendant to the plaintiff. The defendant asked the judge to rule in substance that if the plaintiff had the use of labor, materials and appliances furnished by the defendant the law implied an agreement on his part to pay a reasonable sum therefor unless there was an express agreement to the contrary, and that the burden was on the plaintiff to prove that there was an express agreement for such free use. The judge gave the first part of the request, but declined to instruct the jury that the burden was on the plaintiff to prove an express agreement for such free use. The ruling of the judge was clearly right. *Starratt* v. *Mullen,* 148 Mass. 570. *Phipps* v. *Mahon,* 141 Mass. 471.

We have dealt only with such exceptions as we understand the defendant to have argued, treating the others as waived.

The result is that the entry must be

*Exceptions overruled.*