Coös,
Jan. 7, 1930.

OVIDE J. COULOMBE, *Adm'r, v.* ANNA M. GROSS.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Thayer* orally), for the plaintiff.

*Edmund Sullivan* (by brief and orally), for the defendant.

ALLEN, J. The issue of liability turned upon the ownership of an automobile. One Stewart, the plaintiff's intestate, at one time owned a Chevrolet car. It was exchanged for a Buick car which in

turn was exchanged for a La Salle car, the one in controversy. In each exchange the defendant paid the difference between the price of the car bought and the allowance for the one exchanged. All three cars were registered by Stewart in his name and the Buick car was thus registered for three successive years. Three other cars owned in succession by the defendant were registered by her in her name. When the La Salle car was bought, she did the business and the bill for it was made out as a sale to her. The defendant and Stewart were on friendly terms, and he drove and took care of all the cars. At the trial the statute (P. L., c. 336, s. 27) was invoked to bar the defendant from testifying in respect to facts which occurred in Stewart's lifetime.

As the defendant's claim is understood, the La Salle car was bargained and paid for by, and sold to her, and Stewart at no time had possession of it except as her agent or servant. And the sale to her vesting title in her, the plaintiff could not recover since he failed to show a subsequent transfer of title to Stewart.

There are two answers to the claim. It could be found that the Buick car belonged to Stewart and that its exchange for the La Salle car was made by the defendant in his behalf. Although the dealer gave her a bill of sale, yet if Stewart was her undisclosed principal, the title, at least as between them, was his and not hers. And it was fairly to be found that even if she owned the Buick car and bought the La Salle car as her own property, yet her title became transferred to Stewart, as an inference from the registration of the La Salle car in his name.

She had three cars registered in her own name at different times, and the conclusion is warranted that she knew of the requirements of Chapter 100 of Public Laws for application for registration by the owner and for registration in the owner's name. Her knowledge of the registration of the Buick car in Stewart's name for three years is not conjectural under the circumstances disclosed, and her consent to it may be found. His ownership of the Chevrolet car, their friendly and business relations up to the time of his death, and her experience with the registration law, with her knowledge that the car was registered in his name instead of hers, combine as sufficient evidence to show her consent. And such consent is evidence against her as an acknowledgment and recognition of his ownership.

The allowance for the Chevrolet car was a credit on the price of the Buick car, and although the defendant's payment of the balance was the main part of the purchase price, a finding that it was under-

stood between her and Stewart that the car was to belong and did belong to him would thus be fully warranted. In the exchange of the Buick car for the La Salle car an understanding that the title to the La Salle car was to follow that of the Buick car was not conclusively disproved by the fact that the defendant did the business in making the exchange and paid the balance of the price above the allowance for the Buick car. And such understanding would be a reasonable deduction from the registration of the La Salle car by Stewart in his name with the defendant's knowledge and consent, and especially in view of his ownership of the Buick car if he did own it.

If the Buick car was found to have belonged to the defendant, Stewart's registration of the La Salle car in his own name with her knowledge and consent might even then be found, and so as to constitute acknowledgment by her of title in him rather than in herself. And such acknowledgment would in such event also be evidence that she did not but that he did own the car.

In summary, there was evidence to show that the defendant regarded and recognized the car as Stewart's and that they so understood and arranged. If it was understood and agreed that the car was to be his, it is not necessary to show what the terms of the arrangement were. It was right to submit the case to the jury.

The court excluded testimony of the defendant that after the plaintiff's appointment he called on her about business relating to the estate and in the course of talk asked her if she owned the La Salle car, she answering that she did and had bought and paid for it, to which he replied: "I so understand it. The car is yours." The evidence was competent as an admission by the plaintiff. *Zogoplos* v. *Brown, ante*, 134, and cases cited. Its force and weight if believed was for the jury to determine.

Argument is made that the testimony in spirit, if not expressly, is forbidden by the statute (P. L., c. 336, s. 27) barring a party from testifying in respect to facts occurring in a decedent's lifetime when the other party is the decedent's representative. The argument overlooks the fact that the answer to the plaintiff's inquiry was no evidence of its truth but merely explanatory of what it was that he admitted. The testimony in its entirety only amounted to an acknowledgment by him of the merit of her claim and had no tendency as a disclosure by the defendant to show her transactions with Stewart. The statute barred her from testifying about those transactions but not about those she had with the plaintiff. The evidence

is available against the plaintiff to show his acceptance of what she said as true, but not to show that what she said was in fact true. And it is not to be assumed that the jury, instructed as to this limited use of the evidence, would regard the answer as testimony in proof of its truth, and the suggestion that the admission of such testimony opens the door to a virtual disregard of the statute is without merit. It may not be successfully asserted that the limitations of use are not likely to be respected.

Nor might the admission as an admission be excluded under the undue prejudice rule as considered in *Bunten v. Davis*, 82 N. H. 304, 311. If admissions are regarded as circumstantial evidence, the introduction of the evidence of the admission here would have no tendency to confuse the issue. On the contrary it bears directly and only on the main issue of ownership. Nor does the evidence relate to a matter which subjects it to exclusion on the ground of unfair surprise. 3 Wig. Ev., *s.* 1849.

Furthermore, the evidence might be considered as importing more than an admission in its probative force to show an abandonment. It is a fair construction of the plaintiff's statement that he disclaimed and relinquished any rights he might have in the title to the car. And this would constitute an abandonment, with its operation as a matter of law to transfer to the defendant such title as the plaintiff in fact had.

Whether or not corporeal or incorporeal rights in real estate may be lost by abandonment not continued for twenty years (see *Great Falls Co. v. Worster*, 15 N. H. 412, 447, 456; *Pickard v. Bailey*, 26 N. H. 152, 165; *Jones v. Company*, 31 N. H. 381, 385; *New England Box Co. v. Wood*, 81 N. H. 124), it is the law generally that any act intended in denial of ownership and in full relinquishment of personal property amounts to a loss of the actor's interest in it so as to bar him from further claim to it. It is an act of which the law takes cognizance and to which it gives certain effects. *Wyman v. Hurlburt*, 12 Oh. 54, 81; *Welch v. McNeil*, 214 Mass. 402; *Livermore v. White*, 74 Me. 452; *Eads v. Brazelton*, 22 Ark. 499; *Whitman v. Company*, 152 Mich. 645.

While intent to transfer title or any interest therein is not an element of the abandonment, and while only the executed intent to discard the interest is all that is necessary, yet there is an ensuing vesting of title in the beneficiary of the abandonment through operation of law. Unlike the relationship in a sale or gift where transfer of title is intended as a part of a single transaction in the meeting

of minds, an abandonment followed by acceptance of its benefit accomplishes the same result although the parting with title and its acquisition by another are separate and unrelated acts. It follows that neither agreement nor consideration is a requisite of a valid abandonment. Nor are the reasons for making it material. Whether the property is not regarded as worth while to own, or the claim to it as worth the undertaking to enforce, or whether some other reason prompts the act, its effect to transfer to the person in whose favor it may happen to operate such title as the abandonment loses, is the same as though it were a transaction of sale or gift.

While relinquishment in fact must accompany the purpose to abandon, yet the situation may be such that expression of the purpose is a full and complete relinquishment. An interest in property in another's possession may as readily be lost by a statement in renunciation of the claim to it as title to property in one's own possession may be lost by throwing the property away. The verbal act of yielding and foregoing the claim when nothing further remains to be done is as effective as a physical disposal of the property to which the claim attaches.

If the plaintiff, not regarding his claim to the car to have sufficient merit to make it worth while to stand on it, intentionally abandoned and relinquished it, a good defence to the action thereby existed.

The exception to the charge may not be sustained. As already appears, on the issue of ownership of the La Salle car its registration in Stewart's name and the defendant's ownership of other cars were of relevance.

There appears to be no occasion to consider the exceptions to argument.

*New trial.*

**All concurred.**