Rockingham,
Dec. 2, 1941. } No. 3295.

LEWIS BOSEN *v.* PERCY B. LARRABEE.

*Loukas N. Coussoule,* for the plaintiff.

*Charles J. Griffin,* for the defendant.

MARBLE, J.   One who permits his automobile to be registered in the name of another is not precluded, so far as any statutory prohibition is concerned, from asserting his title.   The provisions of chapter 100 of the Public Laws requiring the registration of motor vehicles are regulatory measures designed to secure the efficient collection of revenue and to facilitate identification in case of accident or violation of the law.   *Clark* v. *Hampton*, 83 N. H. 524, 529; *Eastman* v. *Herrick*, 87 N. H. 58, 59.   They do not purport to affect property rights.   Indeed, the word "owner," as generally used in the statutes relating to motor vehicles, is defined as "any person holding title to a motor vehicle, or having exclusive right to the use thereof for a period greater than thirty days."   P. L., *c.* 99, *s.* 1, *cl.* xx.

How far the principle of estoppel may apply to particular situations need not be determined.   It is clearly inapplicable here.   Before making the attachment the defendant was told that the plaintiff owned the car.   He was thus put on inquiry and charged with such knowledge as reasonable diligence would have given him.   *Odlin* v. *Gove*, 41 N. H. 465, 477; *Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, 7; *Reed* v. *Linscott*, 87 N. H. 139, 142.   Since he must be held to have known the true state of the title, it cannot be found that he was misled by the registration, and a representation which does not mislead cannot furnish the foundation for an estoppel.   *Wood* v. *Griffin*, 46 N. H. 230, 237; *Moore* v. *Bowman*, 47 N. H. 494, 499; *Howison* v. *Bank*, 88 N. H. 31, 38.

The plaintiff's exceptions are sustained.

*Judgment on the report.*


All concurred.