Hillsborough, ⎱
July 2, 1951. ⎰ No. 4030.

FLOYD V. FULLER *v.* ANDRE SIROIS.

*Robert J. Doyle* (by brief and orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

JOHNSTON, C. J.   In accordance with the opinion of *Vassillion* v. *Sullivan,* 94 N. H. 97, the answer to the reserved question is 'no. On page 102, the court said: "Since the *Johnson* case is 'overruled in its entirety' it is a barren speculation to consider whether stronger reasons formerly existed for applying the rule of that case to some unlicensed drivers than to others.   This conclusion is strictly in accord with the language of the amending statute [Laws 1937, *c.* 69, *s.* 1] which applies to 'any person [who] shall operate a motor vehicle in violation of this section.'   The act does not undertake to distinguish between persons under sixteen years of age and others who violate its provisions, and it is difficult to conceive of any ground upon which the court could undertake to make such a distinction."

The case of *Johnson* v. *Railroad,* 83 N. H. 350, involved the interpretation of the statute in its original form.   This was Laws

1921, c. 119, s. 8, which reads as follows: "No person shall operate a motor vehicle upon any way in this state unless licensed." It held that violation of this statute barred the wrongdoer from all recovery civilly and made him liable because of any action in which he might be involved under such circumstances.

By Laws 1937, c. 69, s. 1, the Legislature added a clause to the above-mentioned statute reading thus, "and if any person shall operate a motor vehicle in violation of this section such violation in any civil action shall be *prima facie* evidence of his unfitness to operate a motor vehicle." R. L., c. 117, s. 9.

Although the *Straut* case was distinguished in *Mandell* v. *Company*, 94 N. H. 1, the definite and forceful language of the *Vassillion* opinion must now control. "By force of the 1937 statute, the *Johnson* case is overruled in its entirety." (*P.* 100). Just as a nice distinction cannot be made between one who has not received a license (*Mandell* v. *Company, supra*) and one who cannot because he is below the license age (*Vassillion* v. *Sullivan, supra*), so such a distinction cannot be made between the former and one without a license because it has been revoked.

*Case discharged.*

All concurred.