Sullivan
No. 6935

LOU ANNE EMERY,
BY HER FATHER AND NEXT FRIEND,
GORDON P. EMERY

v.

VIRGINIA A. BOOTH AND PATTEN'S ENTERPRISES, INC.

GORDON P. EMERY v. SAME

September 30, 1974

*Upton, Sanders & Smith* and *John F. Teague (Mr. Teague* orally) for the plaintiffs.

*Bell & Kennedy* and *Arnold R. Falk (Mr. Falk* orally) for the defendants.

DUNCAN, J. On September 4, 1971, plaintiff Lou Anne Emery was injured when the automobile in which she was a passenger left the highway in Goshen and collided with a heavy rail fence. The automobile, a 1967 Mercury, was owned by defendant Patten's Enterprises, Inc., a used automobile dealer, bore "dealer" registration plates issued to Patten's, and was operated by defendant Virginia Booth, an adult daughter of the principal officer and stockholder of Patten's. The automobile had been loaned to Virginia by her father some seven months before the accident for her exclusive personal use unrelated to the business of Patten's,

allegedly in violation of RSA 260:49 and 52 regulating the issuance and use of "dealer" plates, and providing in part as follows: "A manufacturer or dealer shall not loan number plates which have been assigned to him under these provisions to a subagent or to any other person." RSA 260:49. "A dealer may use his motor vehicles . . . registered under his dealer's registration . . . for his pleasure purposes, but shall not rent or otherwise use or permit to be used motor vehicles . . . so registered, except for demonstration purposes or service in connection with his motor vehicle . . . business." RSA 260:52.

The plaintiffs brought these actions on the case to recover damages arising out of Lou Ann's injuries. Defendant Patten's Enterprises, alleging on the basis of a deposition of defendant Booth that the relationship between the defendants was that of bailor-bailee, and that "the negligence of the bailee is not attributable" to the bailor, moved for a dismissal as to Patten's Enterprises, Inc. In reply, the plaintiff alleged that Patten's Enterprises, Inc. is responsible for Lou Anne's injuries "by reason of Patten's improper loaning to Booth of a dealer registered vehicle with dealer plates in violation of RSA 260:49 and 52."

By agreement of the parties the following question was reserved and transferred without ruling in advance of trial by Johnson, J.: "whether, in the event the jury returns verdicts for the plaintiffs against the defendant, Virginia A. Booth, the defendant, Patten's Enterprises, Inc. can be held liable to the plaintiffs in the amount of such verdicts if it is found that Patten's Enterprises, Inc. violated RSA 260:49, and/or 52."

In this jurisdiction the law regarding the imposition of civil liability for violation of a statute is well settled. "The violation of a statute or ordinance becomes an actionable wrong only when the consequences contemplated by the provision in question have actually resulted from its violation. If none of the consequences which the enactment was designed to guard against have resulted from its breach, such a breach does not constitute an actionable wrong even though some other injurious consequence has resulted. It is not enough for a plaintiff to show that the defendant neglected

a duty imposed by statute and that he would not have been injured if the duty had been performed. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him." *Flynn v. Gordon,* 86 N.H. 198, 200, 165 A. 715, 716 (1933); *Martin v. Kelley,* 97 N.H. 466, 469, 92 A.2d 163, 166 (1952); *see Moulton v. Groveton Papers,* 112 N.H. 50, 52, 289 A.2d 68, 71 (1972); *Vassillion v. Sullivan,* 94 N.H. 97, 101, 47 A.2d 115, 118 (1946); *Fontaine v. Charas,* 87 N.H. 424, 426, 181 A. 417, 418 (1935).

The plaintiffs argue that the liability of Patten's Enterprises, Inc., is founded on Patten's alleged violation of RSA 260:49 and 52. *Clark v. Hampton,* 83 N.H. 524, 145 A. 265 (1929), held that the general purpose of the motor vehicle regulatory measures contained in what is now RSA ch. 260 is to provide revenue and to facilitate the identification of vehicles. *See Bosen v. Larrabee,* 91 N.H. 492, 23 A.2d 331 (1941). Plaintiffs allege no injury arising from difficulty in identification of the automobile. They complain of no injury causally related to the alleged violation of sections 49 and 52. Adoption of the plaintiffs' contentions would reincarnate and extend the "discredited doctrine of *Johnson v. Railroad,* 83 N.H. 350 [143 A. 516 (1928)], which was overruled in *Vassillion v. Sullivan,* 94 N.H. 97 [47 A.2d 115 (1946)]." *Gorman v. New England Tel. & Tel. Co.,* 103 N.H. 337, 340-41, 172 A.2d 372, 374 (1961); *see Fuller v. Sirois,* 97 N.H. 100, 82 A.2d 82 (1951).

The transferred question is answered in the negative.

*Remanded.*

GRIMES, J., did not sit; the others concurred.