60

Hillsborough
No. 6884

EDMOND COURNOYER,
FATHER AND NEXT FRIEND TO SIMONE COURNOYER

v.

ALLSTATE INSURANCE COMPANY
ROYAL GLOBE INSURANCE COMPANY

February 28, 1975

*Lemelin & Cloutier* and *Roger E. D'Amours (Mr. Raymond A. Cloutier* orally) for the plaintiffs.

*Augustine J. McDonough* and *Susan B. Monson (Mr. McDonough* orally) for Allstate Insurance Company.

*Devine, Millimet, Stahl & Branch and Matthias J. Reynolds (Mr. Reynolds* orally) for Royal Globe Insurance Company.

GRIMES, J. The issue we decide in this petition for declaratory judgment to determine coverage of a nonowner's automobile liability insurance policy, is whether the finding of the trial court that the vehicle the insured was operating at the time of the accident was owned by his wife and not by him is to be allowed to stand. We hold that it is.

George Champney, while operating a motor vehicle registered in the name of his wife Phyllis Champney (now Palmer), was involved in an accident on August 16, 1968, with a vehicle owned by Edmond Cournoyer and operated by his daughter Simone, who was injured. George Champney had obtained a nonowner's policy as an assigned risk from Royal Globe. The policy excluded coverage while he was operating a vehicle owned by him or his spouse if a member of the same household. Allstate Insurance Com-

pany provided uninsured motorist protection to the Cournoyer vehicle.

Champney filed an accident report with the division of motor vehicles on or about September 24, 1968, and also reported to Royal Globe. In both reports, he listed his wife as the owner of the car he was operating. After investigation, Royal Globe notified Champney it denied coverage on the basis that George Champney owned the car he was operating. Suit was brought by the Cournoyers returnable August 1970, and in May 1972 default judgments were rendered against Champney. Both Allstate and Royal Globe refused to honor claims for payment and this petition for declaratory judgment was filed, returnable in September 1972. After a trial without jury, the court found that the vehicle driven by Champney was not owned by him and ruled that the Royal Globe policy provided coverage. Royal Globe's exceptions were transferred by *Batchelder*, J.

In October 1967, George Champney had separated from his wife and taken up residence in Penacook, New Hampshire, while his wife, Phyllis, and their two children continued to reside in Concord. On November 29, 1967, George applied to the Allstate Insurance desk at Sears & Roebuck for insurance on his license because his employment at the New Hampshire Hospital in Concord required him to have a license. Because of previous violations, he was an assigned risk and was assigned to Royal Globe. At this time, neither George nor his wife owned a vehicle. In January 1968, George returned to live with his wife in Concord. At the urging of his wife, Phyllis, the vehicle in question was purchased from her brother in late February 1968. At that time, both George and Phyllis were employed and were pooling their funds. The $65 purchase price was paid out of a paycheck of George's. Title was taken in Phyllis' name at her insistence and she personally registered the car in her name. They again separated in May 1968, and George took up residence in Penacook. He took the car with him.

At the trial, neither George nor Phyllis testified, but George's deposition was introduced as were certain statements signed by him. In those statements dated June 27, 1970, he stated that he owned the car, having bought it from his brother-in-law, that Phyllis did not drive or have a license, and that no one else drove the car.

In his deposition, George stated that Phyllis wanted the car so they could go shopping and go out together, and that he didn't

want a car because he could not afford one and could walk to work while he lived in Concord. He testified that Phyllis wanted it in her name in case he left again and that she "went through a big rigamarole", and so he agreed. He said he took the car when he left and she allowed him to use it because he wouldn't have any transportation to work and she wouldn't have any support from him.

We are asked to make an independent determination of the evidence as to who was the owner of the car operated by George Champney which the trial court found to be Phyllis Champney. It is argued that because the trial court's finding was based on documentary evidence it did not have the usual advantage of assessing the veracity of the witnesses and this court is in as good a position to evaluate the evidence and should do so on appeal. *Gerrish v. Wishbone Farm,* 108 N.H. 237, 231 A.2d 622 (1967); *Allstate Ins. Co. v. Chatigny,* 103 N.H. 81, 166 A.2d 122 (1960); *Gillogly v. New England Transp. Co.,* 73 R.I. 456, 57 A.2d 411 (1948); *In re Longworth,* 222 A.2d 561 (Me. 1966); *Burleigh v. Miller,* 209 Md. 57, 120 A.2d 378 (1956); *see* RSA ch. 269-A (Supp. 1973) effective September 1, 1968; 5A C.J.S. *Appeal & Error* § 1660 (1958).

Although George in his deposition and signed statements said that he owned the car, his reports made earlier listed Phyllis as the owner. The fact that title and registration were in her name is evidence she was the owner. See cases collected in Annot., 27 A.L.R.2d 167 (1953, Supps. 1970, 1974); 60 C.J.S. *Motor Vehicles* § 119 (1969, Supp. 1974); *Bosen v. Larrabee,* 91 N.H. 492, 23 A.2d 331 (1941); *Coulombe v. Gross,* 84 N.H. 212, 148 A. 582 (1930). Furthermore, the reasons given by George for putting title in her name are consistent with her ownership.

Reliance on RSA 259:1 XXI is misplaced. *Bosen v. Larrabee supra; see Merchants Mut. Ins. Co. v. Simoneau,* 113 N.H. 604, 312 A.2d 571 (1973). That section provides that an owner is "any person holding title . . . or having exclusive right to the use thereof for a period greater than thirty days." Whatever may be the effect of this section apart from situations involving conditional sales, mortgages and the like, we need not determine since George's use was not as of right.

On the record before us, we find no reason to disturb the trial court's finding that Phyllis Champney was the owner of the car driven by George at the time of the collision in question. In view

of our disposition of this issue, we need not consider the other issues which have been argued.

*Exceptions overruled.*

All concurred.