Charles R. DEXTER
vs.
NEW HAMPSHIRE INSURANCE

No. 8676

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

January 20, 1981

Edwin E. Taipale, Jr. for the plaintiff.
Brian J. Moran for the defendant.

Present: Cowdrey, P.J., Tiffany, J., and
Jodrey, J.

## OPINION

**JODREY, J.** This is an action by an insured against the insurer to collect for a fire loss. The suit was originally brought in the Middlesex Superior Court and remanded to Concord District Court for trial.

The evidence may be summarized as follows:

Prior to October 1, 1972, plaintiff had a valid agreement to purchase a parcel of land with buildings thereon in Boxborough for $21,000.00. Defendant insured plaintiff's interest in a dwelling on said tract against loss by fire in the amount of $7,500.00. On October 1, 1972, there was a fire which destroyed the dwelling.

After the fire plaintiff inquired of defendant's agent whether the policy covering the fire was valid. Plaintiff was informed the insurance was "binding and in force". As a result, plaintiff later completed the purchase and paid the $21,000 purchase price, without any reduction in price because of the fire. The defendant refused to pay the claim, and plaintiff instituted the present action.

Defendant's answer denied each and every material allegation and said that the loss sustained was not from a cause for which coverage was provided under the insurance contract; that plaintiff failed to comply with the terms and conditions of the insurance contract; that plaintiff did not have an insurable interest in the property involved and that plaintiff failed to bring this action within the time permitted by law.

At the close of the trial, plaintiff made the following requests for rulings of law and the judge acted upon them as indicated:

"1. Upon all the relevant and admissible evidence as a matter of fact, the plaintiff, on October 1, 1972 (the date and time of the fire in question), had a valid agreement which was fully in force and effect to purchase the subject property at the intersection of Liberty Square Road and Mass-achusetts Avenue, Boxborough, Massachusetts — allowed by the court.

2. Upon all the relevant and admissible evidence as a matter of fact, the plaintiff, on October 1, 1972 (the date and time of the fire in question), had a valid and fully in force and effect fire insurance policy with the defendant insurance company for the subject premises at the intersection of Liberty Square Road and Massachusetts Avenue, Boxborough, Massachusetts — allowed by the court.

3. The plaintiff, as a matter of law, on October 1, 1972 (the date and time of the fire in question), had a valid agreement which was fully in force and effect to purchase the subject property at the intersection of Liberty Square Road and Massachusetts Avenue, Boxborough, Massachusetts.

4. The plaintiff, as a matter of law, on October 1, 1972 (the date and time of the fire in question), had a valid and fully in force and effect fire insurance policy with the defendant insurance company for the subject premises at the intersection of Liberty Square Road and Massachusetts Avenue, Boxborough, Massachusetts, in the amount of $7,500.00 — allowed by the court.

5. The plaintiff, as a matter of law, had an interest in and to the subject property at the intersection of Liberty Square Road and Massachusetts Avenue, Boxborough, Massachusetts, on October 1, 1972 (the date and time of the fire in question which destroyed same), which insurable interest was covered by the fire insurance policy of the defendant insurance company which had been theretofore issued — allowed by the court.

6. The plaintiff is entitled, as a matter of law, to the proceeds of the fire insurance policy on the subject premises at the intersection of Liberty Square Road and Massachusetts Avenue, Boxborough, Mass., together with interest from October 1, 1972 — denied by the court."

The report, probably through inadvertence, fails to mention request #3 or what action the judge took thereon. We assume, on the basis of the facts specially found by the judge, and the fact that he granted request #5, that he intended to allow this

request.

The court made the following findings of fact:

"1. It was stipulated that a fire occurred on October 1, 1972, causing damage to premises (premises) conveyed to plaintiff on October 2, 1972.

2. On or before May 17, 1972, the plaintiff instructed his attorney to exercise a so-called "option" to purchase for a sum of $25,000 property (premises) at the intersection of Liberty Square Road and Massachusetts Avenue in Boxborough, Massachusetts, on which property were located a barn and house. Prior to the so-called written "option" agreement and fulfillment thereunder already had an extant right or option to purchase these premises from the same seller for the same price. Plaintiff's so-called "option" called for the premises to be vacated of tenants before he would exercise the same and he so then requested. Sometime prior to mid-September 1972, the said premises were vacant of all tenants. At this indefinite point in time somewhere between May 17, 1972, and mid-September, 1972, the seller of the premises by agreement with plaintiff reduced the purchase price to plaintiff by $4,000 because of damage to premises allegedly done by the former tenants or by vandalism.

3. On September 18, 1972, the plaintiff requested of McWalter Insurance Agency, Inc. that it obtain for him $30,000 insurance on the premises to be purchased on October 2, 1972.

4. McWalter Insurance Agency placed $30,000 worth of insurance; $15,000 with United States Fidelity and Guaranty Company, and $15,000 with New Hampshire Insurance Company.

5. Said policy $15,000 New Hampshire Insurance Company) became effective 9-28-72, for three years and was countersigned for New Hampshire Insurance Company by McWalter Insurance Agency, Inc. (Each policy of $15,000 only provided $7,500 coverage for the frame dwelling.)

6. It was stipulated that the McWalter Insurance Agency was the duly authorized agent for both insurance companies.

7. On October 1, 1972, Mr. McWalter, of the McWalter Insurance Agency, heard there had been a fire during the early morning hours that destroyed the frame house on Lot-C. On his way to work on October 1, 1972, Mr. McWalter inspected the property; he was familiar with it, having personally rented part of the premises in the 1960's. Upon returning to his office, Mr. McWalter contacted the General Adjustment Bureau, independent adjusters, standard procedure, for both defendants, as well as notifying both insurance companies.

Later the same morning, the plaintiff inquired of McWalter whether the policy covering the fire was valid. The plaintiff was informed the insurance was "binding and in force". As a result, the plaintiff later completed the purchase and paid the $21,000 purchase price, without any reduction in price because of the fire.

I find it is customary for the agents to accept oral notice of fire losses and written notices, although specified in the policy, are not required.

Further, I find both companies waived the "non-occupancy" clause in the policies.

Both insurance companies have refused to pay the plaintiff for his fire loss of $15,000.

I find that as a result of being the prospective purchaser in the purchase-sale agreement, the plaintiff had an insurable interest in the property. Womble v. Dubuque Fire and Marine Ins. Co. 310 Mass. 142, 144 (1941) and cases there cited. However, insurance recovery is limited to the "interest of the insured" G.L. c. 175 §99.

However, the plaintiff not having made any down payment and not being required to purchase, I find for the defendant. Laurin v. DeCarolis Construction Company, Inc. 372 Mass. 688 (1977)".

Plaintiff claims to be aggrieved by the finding of the court that plaintiff had not made any down payment and was not required to purchase and by a general finding for the defendant. The report does not specifically indicate that the plaintiff was claimed to be aggrieved by the refusal of the court to grant request #6.

It appears from the report that plaintiff had previously acquired property formerly belonging to the Piano-LaCava Realty

Trust, and that the present acquisition would round out plaintiff's holdings by securing the remainder of the tract owned by the trust in Boxborough. It may be inferred since plaintiff chose not to cancel the agreement that he was as much, if not more, interested in the land than the buildings thereon. It would seem that the law gives the plaintiff an election to rescind or, in the alternative, take what the seller can give him. **Kares v. Covell**, 180 Mass. 206 (1902). **Davis v. Parker**, 14 Allen 94 (1867). In the last cited case it is said, at page 104, "The general rule, as stated in **Hill v. Buckley**, 17 Ves. 394, is that the purchaser shall have what the vendor can give; with an abatement out of the purchase money for so much as the quantity falls short of the representation". **Woodbury v. Luddy**, 14 Allen 1 (1867). If the insurer makes good the loss it would seem that it ought to have certain rights against the seller on account of the diminution of the value of the estate conveyed under the rules of subrogation, but that matter is not before us. See, also, **Park, Conveyancing**, sec. 672 (1968).

We cannot avoid the conclusion that the court's decision is based upon the erroneous view that since the plaintiff might have rescinded the agreement on account of fire, he had no right to complete the purchase and expect the insurer to pay the fire loss. It seems to us that the plaintiff had a right to have the conveyance which he had bargained for and look to insurer to reimburse him for the fire loss. We do not feel that the plaintiff was under an obligation to rescind, although he may have had a right to do so. The insurer, for a valuable consideration, had undertaken to insure the plaintiff to the extent of the actual cash value of the property at the time of the loss. G.L. c. 175, sec. 99. In our opinion the loss was sustained at the time 'of the fire, and the insured is entitled to be put in the same condition that he would have been in if there had been no fire. **Washington Mills Manuf. Co. v. Weymouth Insurance Co.** 135 Mass. 503, 506, 507 (1883). **Kingsley v. Spofford**, 298 Mass. 469 (1937).

Apart from the foregoing we think the insurer is estopped from denying liability on the policy because of the assurance of its agent, to the plaintiff, after the fire, that the insurance was "binding and in force", which statement the plaintiff relied on in completing the purchase and paying the $21,000 purchase price, without any reduction in price because of the fire. G.L. c. 175, sec. 163. **Shumway v. Home Fire & Marine Ins. Co.**, 301 Mass. 391, 394 (1938).

We are of the opinion that the trial judge was in error in finding for the defendant.

We vacate the finding for the defendant and order a finding to be entered for the plaintiff, and remand the case to the trial judge for assessment of damages.

So ordered.

Cowdrey, P.J.
Jodrey, J.
Tiffany, J.